Smith,
dissenting: In holding that onr decision in The Newport Co., 22 B. T. A. 83B, controlled the issue presented by these proceedings, I believe that the prevailing opinion ignores certain salient facts involved herein.
I do not agree with the holding that the petitioners’ liabilities were barred by the statute of limitations. The facts set forth in paragraph nine of our findings show that the transferees assumed all liabilities of the transferors. Thereafter, the parties concerned treated the tax questions as matters to be settled by the transferees (see p. 11, et seg). The transferees became, by succession, the “ taxpayers.” See Routzahn v. Tyroler, 36 Fed. (2d) 208. In United States v. Updike, 281 U. S. 489; 50 Sup. Ct. 367, 369, the Supreme Court said:
* * * Indeed, when nsed to connote payment of a tax, it puts no undue strain upon the word “ taxpayer ” to bring within its meaning that person whose property, being impressed with a trust to that end, is subjected to the burden. Certainly it would be hard to convince such a person that he had not paid a tax.
In. this view of the case, the transferees as taxpayers executed waivers which, under Stange v. United States, 282 U. S. 270 ; 51 Sup. Ct. 145, I consider sufficient to prevent the bar of the statute of limitations. In this case, we may disregard those waivers executed in the name of the dissolved corporations, and consider only those waivers executed by either petitioner as “ successor in interest.” The parties to these waivers benefited by the determinations and deliberations thereunder, and, without advancing any thought as to an equitable estoppel (but see Lucas v. Hunt, 45 Fed. (2d) 781), I believe that they were valid waivers. In the Stange case, where as here the tax liability was barred prior to the execution of the waivers, the Supreme Court said:
* * * That the parties at the time may have believed that collection was possible independent of any waiver, does not make less effective the instrument given for the purpose of tolling the limitation on the ultimate determinatio'n and collection of the tax. It must be assumed that an effective and not a futile act was intended.